**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**WEST PALM DIVISION**

Case No. ______________________

Plaintiff, C.D.,
Plaintiff,

v.

COREY LEVIN,
Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff C.D. sues Defendant Corey Levin ("Defendant" or "Levin") and alleges as follows. Plaintiff proceeds under the pseudonym "C.D." pursuant to 15 U.S.C. § 6851(b)(3)(B) and a contemporaneously filed motion for leave to proceed under a pseudonym. Plaintiff's true identity is known to Defendant and will be provided to the Court.

**I. NATURE OF THE ACTION**

1. This is a civil action for damages and injunctive relief arising from Defendant's campaign of harassment against Plaintiff, including Defendant's nonconsensual disclosure of intimate visual depictions of Plaintiff in violation of 15 U.S.C. § 6851 and section 784.049, Florida Statutes, and Defendant's publication of false and defamatory statements accusing Plaintiff, in substance, of misconduct that would render her unfit to work with or around children.

2. Upon information and belief, in June of 2026, Defendant transmitted to Girl Scouts of the United States of America ("GSUSA") a submission containing false statements about Plaintiff together with sexually explicit images of Plaintiff, which may include photos of Plaintiff as a minor, or links to such images, without Plaintiff's consent. Thereafter, in July of 2026, Defendant sent Plaintiff and her husband a barrage of degrading and threatening text messages,

expressly refused to honor Plaintiff's written demand that he cease contacting her, declared his intention to "expose" Plaintiff to all of Parkland and south Florida, and demonstrated to Plaintiff that he possessed images of her, warning her that he possessed "[s]o many more." Defendant's messages are evidence of the intent and purpose with which Defendant made the earlier submission, and of his intention to continue.

3. The intimate images at issue in this action were created privately when Plaintiff was a teenager and were maintained by Plaintiff in a private, restricted digital location. Plaintiff's private digital account was hacked and the subject photos were taken from that location without Plaintiff's knowledge or authorization by a person or persons whose identity Plaintiff does not presently know. The unauthorized taking of the images was previously reported to the authorities and Plaintiff never published those images and never authorized any person to copy, distribute, or publish them. Whatever the route by which the images came into Defendant's hands, Defendant had no right to possess or publish them, and Defendant published them anyway, to a national youth organization, for the declared purpose of shaming Plaintiff before her friends, family, and community.

## II. PARTIES

4. Plaintiff C.D. is a natural person and a citizen of the State of Florida who resides in Palm Beach County, Florida, within the Southern District of Florida.

5. Upon information and belief, Defendant Corey Levin is a natural person and a citizen of the State of Florida who resides in Broward County, Florida, within the Southern District of Florida. Defendant is the boyfriend of the former spouse of Plaintiff's husband.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. § 1331 because that claim arises under the laws of the United States, specifically 15 U.S.C. § 6851, which authorizes a civil action in an appropriate district court of the United States. 15 U.S.C. § 6851(b)(1)(A).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to Count I that they form part of the same case or controversy under Article III of the United States Constitution, arising from a common nucleus of operative fact: Defendant's harassment campaign against Plaintiff and his possession, disclosure, and dissemination of explicit images of and statements concerning Plaintiff.

8. This Court has personal jurisdiction over Defendant because Defendant is domiciled in the State of Florida and committed the acts alleged herein in the State of Florida.

9. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including Defendant's transmission of the Submission described below from within this District, Defendant's transmission of harassing messages and images from within this District, and the receipt of those messages by Plaintiff within this District. Filing in the Fort Lauderdale Division is proper under Local Rule 3.1 because the claims arose in substantial part in Broward County, Florida.

## IV. GENERAL FACTUAL ALLEGATIONS

### A. Defendant's Submission to Girl Scouts of the United States of America

10. Upon information and belief, in June of 2026, Defendant submitted, or caused to be submitted, a complaint or report concerning Plaintiff to GSUSA through its national customer support channels, including its national customer support web form or by electronic mail (the "Submission"). The Submission was transmitted on or before July 8, 2026. The precise date of the Submission, and the channel through which it was transmitted, are peculiarly within the knowledge of Defendant and GSUSA and are proper subjects of discovery.

11. Upon information and belief, the Submission falsely stated, in substance, that Plaintiff engaged in inappropriate conduct, that Plaintiff had been employed by or had appeared on the subscription platform OnlyFans, and that Plaintiff should not be permitted to work with or around children. Plaintiff's allegations concerning the specific content of the Submission are made upon information and belief because the Submission is in the possession of Defendant and GSUSA and has not been produced to Plaintiff.

12. Upon information and belief, the Submission included, attached, or linked to sexually explicit images of Plaintiff, and identified Plaintiff by name or by other personal identification information sufficient to permit GSUSA personnel to identify Plaintiff as the person depicted.

13. The statements in the Submission were false. Plaintiff has never engaged in inappropriate conduct involving children, has never been employed by or appeared on OnlyFans, and there is no truthful basis for the assertion that Plaintiff is unfit to work with or around children.

14. The Submission was transmitted over the internet, a means and facility of interstate commerce, from Florida to GSUSA, whose national headquarters is located in New York, New York.

**B. Defendant's Subsequent Text Message Campaign**

15. In July of 2026, and after Defendant had transmitted the Submission, Defendant, using cellular telephone number ending in 4586, sent a series of unsolicited text messages directed at Plaintiff.

16. Defendant asserted that he had recordings of Plaintiff, and accused Plaintiff of attempting to take Plaintiff's step-children from Plaintiff's husband's former spouse. Defendant mocked Plaintiff for not having had biological children, writing that "[j]ust because you can't have your own doesn't give you the right to try and take hers." Defendant then declared, "Now it's on!" and warned Plaintiff that "Wellington won't be far enough for you to move yourself away from the shame."

17. Plaintiff responded with a single, unambiguous demand: "Do not contact me or my husband again."

18. Defendant replied: "I will do as I please. Just like you. But I'm going to expose you to all of parkland and south Florida for who you are." In the same message, Defendant continued with a stream of degrading personal attacks on Plaintiff's appearance, faith, marriage, and family, including that "God doesn't let pieces of shit have children."

19. Every message Defendant sent after Plaintiff's no-contact demand was knowing, deliberate, and unwanted, as Defendant himself confirmed in writing: "I will do as I please."

20. Each of the messages described in this Section was sent after Defendant had already transmitted the Submission. The messages are therefore evidence of the intent, motive, and state of mind with which Defendant made the Submission, of the absence of any mistake or legitimate purpose, and of Defendant's intention to continue the conduct. In those messages Defendant declared his purpose to "*expose*" Plaintiff "to all of parkland and south Florida," stated that "People

of the past send us stories," warned that he possessed so many more images of Plaintiff, and refused Plaintiff's written demand that he stop with the words "I will do as I please."

**C. The Intimate Images, Their Private Origin, and Their Unauthorized Taking by a Person Unknown**

21. Upon information and belief, Defendant possesses and has disclosed sexually explicit, intimate visual depictions of Plaintiff when Plaintiff was seventeen to eighteen years old in which Plaintiff is identifiable.

22. The intimate visual depictions were created privately, and were maintained by Plaintiff in a private, restricted folder associated with Plaintiff's Snapchat account. Plaintiff never posted, published, or otherwise made the intimate images available to the public, and never authorized any person to copy, distribute, disclose, or republish them.

23. Upon information and belief, at a time and by a means unknown to Plaintiff, one or more persons unknown obtained the intimate images from that private folder without Plaintiff's knowledge, authorization, or consent. Upon information and belief, following the unauthorized taking, one or more persons unknown, without Plaintiff's authorization or consent, transmitted, circulated, or posted the intimate images, including to at least one internet website.

24. Plaintiff does not presently know the means by which Defendant came to possess the intimate images. Defendant did not obtain the photos from Plaintiff.

25. To the extent Defendant contends that another person transmitted the intimate images to him, or that he obtained them from any online location, any such transmission or posting occurred without Plaintiff's authorization or consent, was itself unauthorized, and conferred on Defendant no right to possess, disclose, publish, or republish the intimate images. The means by which Defendant obtained the intimate images is within Defendant's knowledge and will be a subject of discovery.

26. The prior posting and circulation of the intimate images by persons unknown occurred without Plaintiff's authorization or consent, was itself wrongful.

27. Upon information and belief, before Defendant's conduct alleged herein, the intimate images were not known to Plaintiff's friends, neighbors, community, or to any organization with which Plaintiff is or has been associated. The prior unauthorized posting and circulation of the intimate images did not render them a matter of public record, public knowledge, or legitimate public concern, and conferred on no person any right to possess, disclose, publish, or republish them.

28. Defendant's conduct alleged herein gave the intimate images publicity they did not previously have. Defendant delivered the intimate images, or links to them, to a *national youth organization* with which Plaintiff is associated, identified Plaintiff by name as the person depicted, and announced his intention to expose Plaintiff "to all of parkland and south Florida." Defendant thereby maliciously directed the intimate images to the audience whose knowledge of them would cause Plaintiff the greatest possible harm.

29. Plaintiff has at all times retained a reasonable expectation of privacy in the intimate images. Plaintiff never consented to Defendant's possession, use, disclosure, or dissemination of any intimate image of her, and never consented to the possession, use, disclosure, or dissemination of any intimate image of her by any other person. The unauthorized access and publication of the intimate images by a person unknown, did not extinguish Plaintiff's expectation of privacy and conferred on Defendant no right to possess, disclose, publish, or republish them.

### D. Notice, Demand, and Preservation

30. On July 27, 2026, Plaintiff, through counsel, transmitted a litigation hold and evidence preservation notice to GSUSA directed to its Chief Executive Officer.

31. On July 29, 2026, GSUSA's Chief Executive Officer acknowledged receipt of that notice in writing.

### E. Harm to Plaintiff

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer severe emotional distress, fear, anxiety, humiliation, shame, and mental anguish, as well as reputational injury and other damages. Plaintiff lives under Defendant's open-ended, self-announced threat of further exposure of intimate images by Defendant.

33. Defendant's conduct is continuing in nature. Absent injunctive relief, Defendant will continue to possess, display, disclose, and threaten to disclose intimate images of Plaintiff and to publish false statements concerning Plaintiff.

## COUNT I

### Nonconsensual Disclosure of Intimate Visual Depictions
### (15 U.S.C. § 6851)

34. Plaintiff realleges and incorporates by reference the allegations set forth in Sections I through IV above as if fully set forth herein.

35. The images described above include "intimate visual depiction[s]" of Plaintiff within the meaning of 15 U.S.C. § 6851(a)(5), depicting Plaintiff, an identifiable individual, in a state of nudity or engaged in sexually explicit conduct as defined by reference to 18 U.S.C. § 2256.

36. Upon information and belief, Defendant disclosed one or more intimate visual depictions of Plaintiff, including by transmitting such depictions, or links providing access to such

depictions, to GSUSA, using a means or facility of interstate commerce, namely the internet and electronic communications services, in or affecting interstate commerce.

37. Plaintiff did not consent to any such disclosure. Plaintiff has never consented to the disclosure of any intimate visual depiction of her by any person, and no disclosure of any such depiction by any person was authorized by Plaintiff. Any consent Plaintiff may have given to the creation of any depiction, and any prior disclosure of a depiction to any other person, does not establish consent to Defendant's disclosure. 15 U.S.C. § 6851(b)(2).

38. Defendant knew that, or recklessly disregarded whether, Plaintiff had not consented to the disclosure. The intimate images are of a plainly and obviously private character. Defendant did not obtain the intimate images from Plaintiff, and there was no relationship or communication between Plaintiff and Defendant that could have supplied any basis to believe Plaintiff had authorized their use. Defendant's own messages sent after the disclosure, including his declared intention to "expose" Plaintiff, his statement that "People of the past send us stories," and his taunt that he possessed "[s]o many more" images, demonstrate that Defendant understood the images to be private, understood that Plaintiff had not authorized their use or disclosure, and disclosed them for the purpose of humiliating her.

39. Plaintiff was harmed by the disclosure, including through severe emotional distress, humiliation, and reputational injury.

40. Plaintiff is entitled to recover her actual damages or, at her election, liquidated damages in an amount equal or greater than $150,000.00, together with the cost of this action, including reasonable attorney's fees and other litigation costs reasonably incurred. 15 U.S.C. § 6851(b)(3)(A).

41. Plaintiff is further entitled to equitable relief, including a temporary restraining order, a preliminary injunction, and a permanent injunction ordering Defendant to cease display or disclosure of the depictions, and to relief maintaining the confidentiality of Plaintiff's identity through the use of a pseudonym. 15 U.S.C. § 6851(b)(3)(A)–(B).

WHEREFORE, Plaintiff C.D. demands judgment against Defendant Corey Levin for:

(a) Actual damages or, at Plaintiff's election, liquidated damages of $150,000;

(b) Temporary, preliminary, and permanent injunctive relief ordering Defendant to cease any display or disclosure of any intimate visual depiction of Plaintiff and to identify and facilitate the removal of any depiction already disclosed;

(c) An order maintaining the confidentiality of Plaintiff's identity and permitting Plaintiff to proceed under a pseudonym;

(d) The costs of this action, including reasonable attorney's fees and litigation costs; and

(e) Such other and further relief as the Court deems just and proper.

**COUNT II**

**Sexual Cyberharassment**
**(§ 784.049, Florida Statutes)**

42. Plaintiff realleges and incorporates by reference the allegations set forth in Sections I through IV above as if fully set forth herein.

43. The images described above are "sexually explicit image[s]" of Plaintiff within the meaning of section 784.049(2), Florida Statutes.

44. Upon information and belief, Defendant intentionally disseminated through electronic means to another person, including to GSUSA and its personnel, one or more sexually

explicit images of Plaintiff without Plaintiff's consent and contrary to Plaintiff's reasonable expectation that the images would remain private.

45. Upon information and belief, the images contained or conveyed Plaintiff's personal identification information, or such information was contemporaneously conveyed with the images, in a manner sufficient for viewers to reasonably identify Plaintiff as the person depicted, including because the Submission identified Plaintiff by name.

46. Plaintiff retained a reasonable expectation of privacy in the images notwithstanding the manner of their creation, notwithstanding their unauthorized taking by a person unknown, which was previously reported to the authorities, and notwithstanding any unauthorized posting or circulation of the images that followed from that taking. Under section 784.049, Florida Statutes, evidence that a depicted person sent a sexually explicit image to another person does not, on its own, remove that person's reasonable expectation of privacy. Plaintiff never published the images, never authorized their publication, and did nothing to surrender her expectation of privacy in them. A person who acquires a sexually explicit image that was taken from its subject without authorization does not thereby acquire the right to disseminate it.

47. Defendant acted willfully and maliciously, for no legitimate purpose, and with the intent to harass, humiliate, and injure Plaintiff.

48. As a direct and proximate result, Plaintiff has been damaged. Pursuant to section 784.049(7), Florida Statutes, Plaintiff is entitled to injunctive relief, monetary damages in minimal amount of $10,000 or her actual damages, whichever is greater, punitive damages, and reasonable attorney fees and costs.

WHEREFORE, Plaintiff C.D. demands judgment against Defendant Corey Levin for:

(a) Monetary damages of $10,000 or Plaintiff's actual damages, whichever is greater;

(b) Punitive damages;

(c) Injunctive relief prohibiting any further publication or dissemination of any sexually explicit image of Plaintiff and requiring removal and destruction of all such images in Defendant's possession, custody, or control;

(d) Reasonable attorney fees and costs; and

(e) Such other and further relief as the Court deems just and proper.

## COUNT III

### Defamation *Per Se*

49. Plaintiff realleges and incorporates by reference the allegations set forth in Sections I through IV above as if fully set forth herein.

50. Upon information and belief, Defendant published false statements of fact concerning Plaintiff to third parties, including to GSUSA and its personnel, stating in substance that Plaintiff engaged in inappropriate conduct, that Plaintiff had been employed by or had appeared on the subscription platform OnlyFans, and that Plaintiff should not be permitted to work with or around children. Plaintiff's allegations concerning the specific content of the Submission are made upon information and belief because the Submission is in the possession of Defendant and GSUSA and has not been produced to Plaintiff. The precise content of the Submission is a proper subject of discovery.

51. Defendant's statements were false. Plaintiff has never been employed by or appeared on OnlyFans and has never engaged in inappropriate conduct involving children.

52. Defendant made the statements with knowledge of their falsity or with reckless disregard for their truth, and at minimum negligently. Defendant's stated purpose, in his own words, was to "expose" Plaintiff and to shame her, not to report any truthful concern.

53. Defendant's statements constitute defamation per se because they impute to Plaintiff conduct, characteristics, or conditions incompatible with the proper exercise of her lawful activities, duties, and standing in the community, including her fitness to work with or around children, and because they impute conduct amounting to criminal or morally reprehensible behavior involving minors.

54. Because Defendant's statements are defamatory per se, injury to Plaintiff is presumed as a matter of law, and Plaintiff is entitled to presumed damages without proof of special damages. Plaintiff has nonetheless suffered actual damages, including reputational injury, humiliation, and emotional distress.

55. Defendant's conduct was willful, malicious, and undertaken with the specific intent to injure Plaintiff, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff C.D. demands judgment against Defendant Corey Levin for:

(a) Presumed, general, and actual compensatory damages;

(b) Punitive damages;

(c) Injunctive relief prohibiting Defendant from repeating or republishing the defamatory statements; and

(d) Such other and further relief as the Court deems just and proper.

## COUNT IV

### Invasion of Privacy: Public Disclosure of Private Facts

56. Plaintiff realleges and incorporates by reference the allegations set forth in Sections I through IV above as if fully set forth herein.

57. The intimate images of Plaintiff, and the private information concerning Plaintiff conveyed with and about them, are true but intensely private matters concerning Plaintiff's body and intimate life, in which Plaintiff had a reasonable expectation of privacy.

58. Upon information and belief, Defendant gave publicity to those private matters by disseminating them to third parties, including GSUSA and its personnel, and by announcing and undertaking a campaign to "expose" Plaintiff "to all of parkland and south Florida," such that the matters were communicated, or are substantially certain to be communicated, to the public at large.

59. The matters disclosed are of no legitimate public concern.

60. Before Defendant's disclosures, the intimate images and the private matters they depict were not known to Plaintiff's family, community, or to the organizations with which Plaintiff is associated. Defendant's disclosures communicated those private matters to an audience that did not previously possess them, and were calculated to reach the audience whose knowledge would injure Plaintiff most. The unauthorized posting and circulation of the images by persons unknown before Defendant's conduct, which was previously reported to the authorities, did not make the private matters public and did not license Defendant's republication of them.

61. The disclosure would be highly offensive to a reasonable person of ordinary sensibilities and was highly offensive to Plaintiff.

62. As a direct and proximate result, Plaintiff has suffered damages, including mental suffering, shame, and humiliation.

WHEREFORE, Plaintiff C.D. demands judgment against Defendant Corey Levin for compensatory damages, including damages for mental suffering, shame, and humiliation, punitive damages, injunctive relief, and such other and further relief as the Court deems just and proper.

**COUNT V**

**Intentional Infliction of Emotional Distress**

63. Plaintiff realleges and incorporates by reference the allegations set forth in Sections I through IV above as if fully set forth herein.

64. Defendant intentionally or recklessly engaged in a course of extreme and outrageous conduct directed at Plaintiff, beginning with the transmission of the Submission to a national youth organization with which Plaintiff is associated, falsely accusing Plaintiff of conduct rendering her unfit to be around children and, upon information and belief, enclosing or linking to intimate images of Plaintiff; and continuing thereafter with a stream of degrading messages; taunts directed at Plaintiff's infertility; threats of public exposure throughout her community; the brandishing of images of Plaintiff accompanied by the warning "So many more"; and the open-ended threat of further exposure, all of which continued after Plaintiff's express written demand that Defendant stop.

65. Defendant's conduct, taken as a whole, is atrocious, utterly intolerable in a civilized community, and beyond all possible bounds of decency.

66. Defendant's conduct was undertaken with the intent to cause Plaintiff severe emotional distress, or with reckless disregard of the high probability that it would do so.

67. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered severe emotional distress.

WHEREFORE, Plaintiff C.D. demands judgment against Defendant Corey Levin for compensatory damages, punitive damages, and such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

LUDWIN LAW GROUP, P.A.
Counsel for Plaintiff
85 S.E. 4th Avenue, Suite 108
Delray Beach, Florida 33483
Telephone: (561) 455-4455
Email: Adam@Ludwinlaw.com
Secondary: Eservice@LudwinLaw.com

By: */s/ Adam Ludwin*
Adam Ludwin, Esq.
Florida Bar No. 1010742