**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-81002-CIV-ARTAU/MAYNARD**

**C.D.,**

**Plaintiff,**

**vs.**

**COREY LEVIN,**

**Defendant.**
______________________________________/

FILED BY SW D.C.
Nov 3, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**ORDER AUTHORIZING LIMITED DISCOVERY FROM GIRL SCOUTS OF THE UNITED STATES OF AMERICA**

Following the expedited discovery hearing held on October 26, 2026, my Order of October 28, 2026, DE 19, and having considered the parties' joint submission, DE 20, and the record, it is **ORDERED AND ADJUDGED** as follows:

1. This Order authorizes limited discovery from Girl Scouts of the United States of America ("GSUSA") concerning the complaint, report, or other communication concerning Plaintiff alleged to have been submitted by Defendant to GSUSA in June or July 2026, as described in paragraphs 10 through 14 of the Complaint (the "Submission"), together with any attachment, embedded file, or link transmitted with it and any communication between GSUSA and the submitter concerning it. For purposes of this Order, "Potentially Restricted Evidence" means any photograph, image, video, recording, digital file, visual depiction, or other material reasonably believed to depict Plaintiff and relevant to the allegations, claims, or defenses in this action, including material that may implicate restrictions imposed by 18 U.S.C. §§ 2252 or 2252A, section 827.071, Florida Statutes, or other applicable law governing

sexually explicit depictions involving minors, and "Associated Non-Image Information" means documents, communications, records, metadata, electronically stored information, and other evidence associated with such material, excluding thumbnails, image previews, embedded visual depictions, or other content that itself reproduces a visual depiction. No designation under this Order determines whether a particular image is prohibited by law.

2. Pursuant to Federal Rule of Civil Procedure 26(d)(1), good cause exists to permit limited discovery before the conference required by Rule 26(f). Either Party is authorized to serve on GSUSA, pursuant to Federal Rule of Civil Procedure 45 and upon the notice to the other Party required by Rule 45(a)(4), a subpoena commanding the production of records described in the following paragraph, subject to paragraph 4. A copy of this Order and of the Court's Orders at ECF Nos. 6 and 7 shall accompany the subpoena, and the subpoena shall direct GSUSA's attention to the provisions of this Order governing Potentially Restricted Evidence and the confidentiality of Plaintiff's identity.

3. The subpoena shall be limited to the following records concerning the alleged Submission, to the extent within GSUSA's possession, custody, or control: (a) The complete text and content of the alleged Submission and of any communication between GSUSA and the submitter concerning it, in the form in which GSUSA received or sent it subject to Paragraph 4 concerning visual depictions; (b) The identity of the submitter as captured by GSUSA, including any name, email address, telephone number, mailing address, account identifier, user identifier, IP address, device identifier, browser or form metadata, and other addressing or registration information associated with the alleged Submission; (c) The channel through which the alleged Submission was received, including the web form, email address, or other system used, and the date and time of transmission and receipt; (d) For each

attachment, embedded file, or hyperlink included with the alleged Submission: the file name, file type, file extension, file size, cryptographic hash value, URL or hyperlink address, embedded metadata, and creation, modification, upload, and receipt timestamps, and any visual depiction that may lawfully be produced in accordance with Paragraph 4; (e) Records reflecting GSUSA's receipt, internal routing, forwarding, review, handling, retention, and preservation of the alleged Submission, including the identity of each GSUSA, council, or troop employee, volunteer, or representative who received, viewed, or was forwarded the alleged Submission or any attachment, and the date of each such transmission; and (f) Any communication between GSUSA and any council, troop, employee, volunteer, law enforcement agency, the National Center for Missing and Exploited Children, or other person concerning the alleged Submission, to the extent not privileged, subject to Paragraph 4 concerning visual depictions.

4. GSUSA shall not be required by this Order to produce a visual depiction where such production would violate applicable law. Visual depictions that GSUSA determines may be legally restricted shall be preserved with associated metadata, and GSUSA shall provide reasonably available non-image identifiers and information concerning them in response to lawful process. The Parties may seek further Court direction concerning lawful collection, custody, inspection, or production of such depictions. This Order does not prohibit GSUSA from preserving responsive visual material through lawful, technically appropriate means, including secure preservation copies where permissible, or from producing visual material that may lawfully be produced. Nothing in this Order requires any person to access or view potentially prohibited material contrary to law or confers immunity from 18 U.S.C. §§ 2252 or 2252A, section 827.071, Florida Statutes, or other applicable law. Nothing herein precludes

GSUSA from complying with any reporting obligation imposed by 18 U.S.C. § 2258A or other applicable law.

5. GSUSA shall continue to preserve the alleged Submission, every attachment, embedded file, and reasonably available record identifying or describing any link transmitted with it, and all Associated Non-Image Information described in this Order, together with associated metadata, pending further order of the Court. Reasonable and lawful preservation measures may include maintaining native files in place and creating secure preservation copies or other forensic records where technically appropriate and legally permissible. This obligation is in addition to any obligation arising from Plaintiff's preservation letter dated July 27, 2026, which GSUSA acknowledged on July 29, 2026.

6. Plaintiff has been permitted to proceed in this action under the pseudonym "C.D." To permit GSUSA to locate responsive records, counsel for either party may provide GSUSA with a confidential written schedule identifying Plaintiff by her full legal name and such other identifying information as is reasonably necessary, bearing the legend "CONFIDENTIAL. SUBJECT TO COURT ORDER. NOT FOR PUBLIC FILING OR DISCLOSURE." GSUSA and persons acting on its behalf shall treat Plaintiff's identity and the contents of that schedule as confidential, shall use them only to identify, locate, preserve, and produce responsive records, and shall disclose them only to attorneys, employees, and other persons reasonably necessary to respond to the subpoena or obtain legal advice concerning it. In any public filing or communication with the Court, GSUSA shall identify Plaintiff exclusively as "C.D." Where GSUSA contends that protected identifying information must be submitted to the Court to obtain relief, it shall seek leave to submit the information under seal consistent with Federal Rule of Civil Procedure 5.2, Southern District

of Florida Local Rule 5.4, and the Court's Orders at ECF Nos. 6 and 7.

7. Nothing in this Order shall eliminate, diminish, or otherwise prejudice any right of GSUSA under the Federal Rules of Civil Procedure or other applicable law, including the right to object to the subpoena, assert privilege, seek to quash or modify the subpoena, request a protective order, or seek relief from undue burden or expense, in accordance with Federal Rule of Civil Procedure 45. GSUSA may communicate with counsel for either Party to identify responsive records, clarify the scope of the subpoena, address technical limitations, or discuss the manner of production, and any such communication containing Plaintiff's identifying information shall be treated as confidential.

8. Records produced by GSUSA shall be used solely for purposes of this action, shall be maintained by counsel of record in a secure, access-controlled location, and shall be disclosed only to the Parties, counsel of record, attorneys and employees working under counsel's supervision, retained experts and forensic examiners, and the Court. No Party shall publicly file potentially prohibited visual depiction or information disclosing Plaintiff's protected identity contrary to the Court's Orders at ECF Nos. 6 and 7. Where a filing requires such protected information, the filing Party shall redact it or seek leave to file under seal in accordance with Southern District of Florida Local Rule 5.4 and/or this Court's Orders. This paragraph does not categorically require all non-image records, file identifiers, source information, or other material produced by GSUSA to be sealed merely because they were obtained under this Order.

9. Entry of this Order is procedural and protective in nature and shall not constitute a determination, finding, admission, stipulation, or concession concerning the merits of any claim or defense in this action, including whether Defendant submitted or caused

to be submitted the Submission. Nothing in this Order constitutes a determination that any particular visual depiction constitutes child pornography, child sexual abuse material, or other material prohibited by federal or state law; that Plaintiff was under eighteen years of age when any particular depiction was created; or that any Party or other person created, possessed, received, accessed, transmitted, published, distributed, or otherwise handled any particular depiction. All claims, defenses, objections, privileges, and evidentiary rights of the Parties and of GSUSA are expressly preserved.

10. This Order is limited to the initial phase of discovery described in the Court's Paperless Order of October 28, 2026, and does not authorize discovery from any other person or on any other subject. The Court expressly reserves the right to modify, supplement, clarify, or vacate this Order, in whole or in part, at any time upon motion of a Party or of GSUSA, upon a showing of good cause where required, or upon the Court's own initiative. The Court reserves for further order all issues concerning the sequencing of the Parties' exchange of information and the subsequent discovery, production, custody, forensic examination, inspection, classification, or evidentiary use of any Potentially Restricted Evidence.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 3rd day of November, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE