**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-81002-CIV-ARTAU/MAYNARD**

**C.D.,**

**Plaintiff,**

**vs.**

**COREY LEVIN,**

**Defendant.**
______________________________/

**PRESERVATION ORDER GOVERNING EVIDENCE HELD BY DISCOVERY VENDORS AND OTHER AUTHORIZED PERSONS**

**THIS CAUSE** comes before me upon the parties' Expedited Joint Request for Discovery Hearing Regarding the Preservation, Access, and Handling of Potentially Restricted Evidence DE 12; my subsequent Order of October 28, 2026, DE 19; and the parties' Joint Motion in Support of the Proposed Orders, DE 20. Having considered the parties' submissions, the record, the applicable law, and the matters presented at the hearing before me on October 26, 2026, it is **ORDERED AND ADJUDGED** as follows:

**1. Scope and Definitions.** This Order governs the preservation of evidence potentially relevant to the visual depictions alleged in this action and associated electronically stored information. Such evidence includes any photograph, image, video, recording, digital file, visual depiction, or other material reasonably believed to depict Plaintiff and relevant to the allegations, claims, or defenses in this action, including material that may implicate restrictions imposed by 18 U.S.C. §§ 2252 or 2252A, section 827.071, Florida Statutes, or other applicable law governing sexually explicit depictions involving minors (collectively, "Potentially Restricted Evidence"). Documents, communications, records, metadata, electronically stored information,

and other evidence associated with such material are referred to as "Associated Non-Image Information." Associated Non-Image Information does not include thumbnails, image previews, embedded visual depictions, or other content that itself reproduces a visual depiction. Preservation obligations under this Order extend to relevant evidence regardless of whether any particular visual depiction is ultimately determined to constitute prohibited material under federal or state law.

2. **Persons Governed by this Order.** This Order applies to the Parties, counsel of record, attorneys and employees working under counsel's supervision, paralegals, retained experts, forensic examiners, qualified litigation-support and electronic-discovery vendors, and other persons acting on behalf of the Parties whose participation is reasonably necessary to preserve evidence relevant to the prosecution or defense of this action (collectively, "Authorized Persons"). The Parties shall provide a copy of this Order to Authorized Persons retained or engaged to undertake preservation activities and shall direct such persons to comply with its applicable provisions. Nothing in this paragraph independently authorizes any Authorized Person to possess or handle Potentially Restricted Evidence in a manner prohibited by applicable law.

3. **General Preservation Obligations.** The Parties and Authorized Persons shall take reasonable measures, consistent with applicable law, to preserve potentially relevant evidence within their respective possession, custody, or control. Such evidence includes, without limitation:

(a) Documents, images, videos, digital files, and communications transmitting, attaching, linking to, referring to, describing, discussing, requesting, or acknowledging any relevant visual depiction;

(b) The text, content, sender, recipient, and associated addressing information of relevant communications;

(c) File names, file paths, file extensions, file sizes, file identifiers, and cryptographic hash values;

(d) Creation, modification, access, upload, download, transmission, receipt, publication, deletion, and preservation timestamps;

(e) Account identifiers, usernames, account ownership information, account registration records, available authentication or access histories, and related internet service providers;

(f) URLs, hyperlinks, posting identifiers, website records, server records, hosting information, and publication histories;

(g) Available IP addresses, device identifiers, transaction records, activity logs, and comparable technical information;

(h) Records reflecting the source, acquisition, transfer, dissemination, modification, or deletion of relevant material associated with the Parties' claims or defenses;

(i) Records identifying persons or accounts reasonably believed to have created, possessed, accessed, uploaded, received, transmitted, published, or otherwise handled relevant material; and

(j) Other image and non-image records and information reasonably calculated to establish the existence, identity, provenance, authenticity, chronology, custody, access, transmission, publication, dissemination, or preservation history of evidence relevant to this litigation.

**4. Preservation of Potentially Restricted Evidence.** Potentially Restricted Evidence shall be preserved in place, in the device, account, system, or other location where it presently resides, to the extent reasonably practicable. Nothing in this Order authorizes any Party,

counsel, expert, forensic examiner, vendor, or other Authorized Person to access, open, view, collect, copy, download, receive, transmit, or maintain Potentially Restricted Evidence in a manner that would violate applicable federal or state law. Any collection or acquisition of such material shall be undertaken only by a law enforcement agency lawfully authorized to possess it or as the Court further directs.

The Parties shall take reasonable and lawful measures to prevent the deletion, alteration, or loss of Potentially Restricted Evidence within their respective possession, custody, or control. If preservation in place is not reasonably feasible or sufficient to prevent the loss of such evidence, the affected Party shall promptly notify opposing counsel and may seek expedited relief from the Court identifying the evidence at issue, the anticipated risk of loss, and the preservation measures proposed. Nothing herein precludes the Court from authorizing an alternative preservation procedure upon an appropriate showing.

Nothing in this Order shall be construed to authorize any conduct prohibited by 18 U.S.C. §§ 2252 or 2252A, section 827.071, Florida Statutes, or other applicable law, or to confer immunity from any such law.

**5. Preservation of Integrity and Metadata.** To the extent reasonably practicable and consistent with applicable law, evidence subject to this Order shall be preserved in its existing form, together with reasonably available associated metadata, file identifiers, timestamps, and other information necessary to establish its origin, authenticity, integrity, and chain of custody. No Party or Authorized Person shall intentionally delete, destroy, overwrite, alter, manipulate, or otherwise impair relevant evidence within that person's possession, custody, or control. The Parties and Authorized Persons shall undertake reasonable measures to prevent the loss of relevant

evidence through routine deletion, overwriting, or other automated processes where such measures are technically feasible and lawful.

6. **Access to Associated Non-Image Information.** Access to Associated Non-Image Information obtained or maintained pursuant to this Order shall be limited to Authorized Persons with a legitimate litigation need and shall remain subject to applicable law, the Federal Rules of Civil Procedure, and any applicable protective order. Nothing herein prohibits the lawful preservation, exchange, or subsequent discovery of Associated Non-Image Information. No Potentially Restricted Evidence may be accessed, reproduced, or disseminated pursuant to this paragraph.

7. **Confidentiality and Court Filings.** No Party or Authorized Person shall publicly file Potentially Restricted Evidence or information directly identifying Plaintiff or a member of her family, including Plaintiff's full legal name and protected identifying account information. Any filing containing such information shall be redacted or submitted under seal in accordance with Federal Rule of Civil Procedure 5.2, Southern District of Florida Local Rule 5.4, and the Court's existing orders concerning Plaintiff's pseudonymity and confidentiality.

Associated Non-Image Information shall not be subject to automatic sealing solely by virtue of its preservation or production pursuant to this Order. The Parties shall take reasonable measures to redact confidential identifying information from publicly filed materials and shall seek leave to file unredacted materials under seal where appropriate. Nothing herein authorizes the public filing of Potentially Restricted Evidence or otherwise identifying information protected by the Court's prior orders.

8. **No Determination on the Merits.** Entry of this Order is procedural and protective in nature and shall not constitute a determination, finding, admission, stipulation, or concession

concerning the merits of any claim or defense in this action. Nothing in this Order constitutes a determination that any particular visual depiction constitutes child pornography, child sexual abuse material, or other material prohibited by federal or state law; that Plaintiff was under eighteen years of age when any particular depiction was created; or that any Party or other person created, possessed, received, accessed, transmitted, published, distributed, or otherwise handled any particular depiction. All claims, defenses, objections, privileges, and evidentiary rights of the Parties are expressly preserved.

**9. Reservation of Authority.** The Court reserves the right to modify, supplement, clarify, or vacate this Order, in whole or in part, upon motion of either Party, upon a showing of good cause where required, or upon the Court's own initiative, consistent with applicable law. This Order governs only the initial preservation phase and does not resolve the manner or sequence of subsequent discovery, production, custody, forensic examination, inspection, classification, or evidentiary use of the material at issue. Those matters are reserved for further proceedings and order of the Court. Nothing herein shall prevent either Party from seeking additional discovery or other appropriate relief in accordance with the Federal Rules of Civil Procedure and the Court's prior orders.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 18th day of November, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE